IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| VICKIE LYNN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 3:06-CV-1108-MEF |
| | * | |
| CHAMBERS COUNTY | * | JURY TRIAL DEMANDED |
| BOARD OF EDUCATION, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

### I.

### JURISDICTION

1. This is an action for legal and equitable relief to redress discrimination in employment on the basis of disability.

2. This action arises under 42 U.S.C. § 12101 et. seq.

3. This court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343 (a)(4).

### II.

### PARTIES

4. Plaintiff, Vicki Lynn, at all times relevant to the matters complained of, was principal of Valley High School, in Valley, Alabama, and is a resident of the State of Alabama.

5. Defendant Chambers County Board of Education is located in Lafayette, Alabama, and is a public entity.

### III.

### ALLEGATIONS OF FACT

6. At all times relevant to this complaint, Plaintiff was the principal of Valley High School, which is governed by the Defendant.

7. At all times relevant to this complaint, Plaintiff was an employee of the Defendant.

8. On or about April 18, 2005, Plaintiff suffered a stroke.

9. Plaintiff was out of work until May 16, 2005, when she was able to return to work part-time, with the assurance from her physicians, that she would be able to work full-time shortly thereafter.

10. On or about May 13, 2005, Leonard Riley, Superintendent of Education for the Chambers County Board of Education, informed the Plaintiff that he did not think that the Plaintiff would be able to perform her job due to her limited mobility, notwithstanding the physician's opinion to the contrary.

11. On or about June 16, 2005, Riley again informed the Plaintiff that he did not believe that she would be able to perform her duties. Riley informed the Plaintiff that, "if it were me, I would retire." Plaintiff insisted on continuing her employment.

12. After these meetings, Riley began to harass the Plaintiff on the job. Specifically, Riley began, for the first time, to make derogatory remarks regarding the Plaintiff's performance as principal of Valley High School.

13. On or about September 9, 2005, Riley informed the Plaintiff that she was a liability and that he wanted her to retire.

14. Furthermore, Riley tried to forcibly intimidate the Plaintiff into retirement, and gave her the name of the person to contact with the State of Alabama to initiate the retirement process, even though Plaintiff expressed to Riley that she wished to continue in her job.

15. Riley informed the Plaintiff that he would "step in" if the Plaintiff refused to retire. Riley was clearly threatening Plaintiff due to her disability.

16. In February of 2006, Riley began to send critical letters to Plaintiff, involving allegations that were either false or disproportionably critical of Plaintiff's performance, given the subject matter of said letters.

17. Plaintiff contends these letters were an attempt to sabotage Plaintiff's employment, and to create a negative record of the Plaintiff, where none existed hitherto.

18. Prior to Plaintiff's stroke, she had received good evaluations and had never been significantly reprimanded for any on-the-job performance.

19. In March of 2006, Riley gave the Plaintiff her annual evaluation, which was scored unsatisfactory.

20. All of the Plaintiff's prior evaluations were satisfactory.

21. Said evaluation was false and maliciously done by Riley in an attempt to create a record whereby he could carry out his threat to discharge the Plaintiff, as she had refused to retire.

22. In a letter dated February 7, 2006, to Plaintiff, Riley indicated, among other things, that Plaintiff had lied to him and continued to attempt to lay the framework to terminate the Plaintiff, based not on her performance, but her disability.

23. The letters of reprimand he issued to the Plaintiff where not an effort to improve the performance of the principalship at Valley High School, but rather an attempt to build a record, although a false one, which would support termination of the Plaintiff. This was necessary because Plaintiff's record prior to these incidences would not justify termination.

24. Riley's actions towards the Plaintiff made the working conditions so intolerable that a reasonable person in her position would have been forced to resign rather than continue to tolerate the above. In short, Plaintiff was constructively discharged by the Defendant. Furthermore, these actions created a hostile work environment for the Plaintiff.

25. On April 5, 2006, Plaintiff filed a charge of discrimination against the Defendant indicating that she was being harassed on the workplace due to her disability, and also claiming that the harassment had led her into early retirement, thus being constructively discharged.

26. Plaintiff, rather than continue being harassed by Riley, did put in her retirement papers effective June 1, 2006.

27. On September 19, 2006, the commission issued a dismissal and notice of suit rights to the Plaintiff.

## IV.

## CLAIM ONE - 42 U.S.C. § 12101 et. seq. (AMERICANS WITH DISABILITIES ACT)

28. Plaintiff adopts and re-alleges paragraphs one through twenty-seven above, as if set out in full herein.

29. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

30. The conduct of the Defendant violated the Plaintiff's rights under 42 U.S.C. § 12101, et. seq., The Americans with Disabilities Act.

31. Plaintiff was a disabled person as that term is defined by 42 U.S.C. § 12102.

32. Plaintiff was qualified at all times relevant to the complaint, to serve as principal of Valley High School.

33. Plaintiff suffered an adverse employment action due to her disability, in that she was harassed on the job by her supervisor in an attempt to force her into retirement; said actions constituted a hostile work environment.

34. Plaintiff also suffered an adverse employment action in that she was constructively discharged by the Defendant due to said harassment.

35. As a result of Defendant's unlawful conduct, Plaintiff has suffered enormous monetary and non-monetary damages, including extreme mental anguish and emotional distress.

## V.
## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the court will grant her the following relief:

A. Issue a declaratory judgment declaring that the wrongs complained of herein violate the Plaintiff's rights guaranteed by 42 U.S.C. § 12101, et. seq.

B. Enter a permanent injunction or other injunctive relief – enjoying Defendant from maintaining or continuing any customs, policies, matters, practices, or actions which operate to discriminate on the basis of disability;

C.  Awarding Plaintiff compensatory and punitive damages, including prejudgment interest;

D.  Retain jurisdiction of this action for a sufficient time to insure full compliance with the remedial decree requested herein;

E.  Award Plaintiff her costs incurred in this case, together with reasonable attorney's fees and prejudgment interest, pursuant to the applicable federal law;

F.  Grant such additional and further relief and the court may deem just and equitable under the circumstances.

Respectfully submitted this 14th day of December, 2006.

James B. Douglas, Jr.
Attorney for Plaintiff
P.O. Box 1423
Auburn, AL  36831-1423
(334) 821-1596
Ala. Bar I.D.:  8935-U83J

## JURY DEMAND

Pursuant to rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by struck jury.

Respectfully submitted this 14th day of December, 2006.

James B. Douglas, Jr.
Attorney for Plaintiff

# Exhibit A

| **CHARGE OF DISCRIMINATION** | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☐ EEOC | |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Ms. Vickie Lynn | (706) 518-0092 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| P.O. Box 536, Valley, AL 36854 | | 04/11/1947 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Chambers County Board of Edu. | unknown | (334) 864-9343 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| Post Office Box 408, Lafayette, AL 36862 | | Chambers |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I had a stroke in 2005. After I returned to work, beginning in May, 2005, through the present, Mr. Leonard Riley, superintendent of education, has harassed me in the performance of my duties as principal of Valley High School. Mr. Riley has told me that he wanted me to resign, even though I am performing my obligations. This harassment culminated in a false and poor evaluation of me last month. Mr. Riley's harassment of me along with his assault on my professional reputation has forced me into early retirement. I believe I have been discriminated against based upon my disability, even though my doctors have cleared me to perform all my duties.

| I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINTANT<br>_Vickie C. Lynn_ |
| _Vickie C. Lynn_<br>Date  4-5-06   Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 4-5-06<br>_[notary signature]_<br>my comm. exp: 4.30.08 |

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Vickie Lynn<br>P. O. Box 536<br>Valley, AL 36854 | From: | U. S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>BIRMINGHAM DISTRICT OFFICE<br>RIDGE PARK PLACE, SUITE 2000<br>1130 22ND STREET SOUTH<br>BIRMINGHAM, AL 35205 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-01992 | LULA BELL, Investigator | (205) 212-2074 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_[signature]_
BERNICE WILLIAMS-KIMBROUGH, DISTRICT DIRECTOR

19 SEP 2006
(Date Mailed)

Enclosure(s)

cc:  James B. Douglas, Jr.
     Chambers County BOE
     W. Gregory Ward

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*