IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VICKIE LYNN,<br><br>    Plaintiff,<br><br>-vs-<br><br>CHAMBERS COUNTY BOARD<br>OF EDUCATION,<br><br>    Defendant. | Case No. 3:06-cv-1108-MEF |

# ANSWER ON BEHALF OF DEFENDANT CHAMBERS COUNTY BOARD OF EDUCATION TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Chambers County Board of Education (hereinafter "CCBOE"), by and through its counsel of record, and responds to the Plaintiff's *Complaint* as follows:

## FIRST DEFENSE

The Plaintiff's *Complaint* fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

All Plaintiff's claims, as alleged in her *Complaint*, which occurred more than one hundred and eighty (180) days prior to the filing of her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff"s failure to comply with the procedures required by 42 U.S.C. § 2000(e).

## THIRD DEFENSE

All of the Plaintiff's claims in her *Complaint* which were not set forth in her EEOC charge are barred as outside the scope of the charge.

## FOURTH DEFENSE

If Plaintiff proves that any decision regarding her employment was motivated in whole or in part by her disability, the Defendant will show that the same action would have been taken regardless of said unlawful intent.

## FIFTH DEFENSE

Defendant did not retaliate against plaintiff.

## SIXTH DEFENSE

There is no cause or connection between any alleged unlawful employment action asserted against the Board and any alleged protected conduct.

## SEVENTH DEFENSE

Defendants did not discriminate against Plaintiff based upon her disability.

## EIGHTH DEFENSE

The Defendant's interest in the orderly administration of the Chambers County Public Schools outweighs any alleged interest or entitlement of Plaintiff.

## NINTH DEFENSE

Plaintiff failed to meet the reasonable expectations of her employer.

## TENTH DEFENSE

Defendant is not a "qualified" individual such that the Americans with Disabilities Act applies.

## ELEVENTH DEFENSE

Plaintiff did not suffer an adverse employment action.

## TWELFTH DEFENSE

Plaintiff does not have a right to be promoted or assigned to a coveted position by the Defendant.

## THIRTEENTH DEFENSE

There is no cause or connection between any allegedly unlawful conduct and any mental anguish or emotional distress suffered by Plaintiff.

## FOURTEENTH DEFENSE

An excessive award of damages for emotional distress (whether so labeled or whether referred to by any similar phrase describing non-economic, compensatory damages) in this action would violate the due process and equal protection rights of the defendant pursuant to Amendment XIV of the Constitution of the United States. Alabama's laws regarding emotional distress damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to

effectuate their purpose. Said laws do not provide Defendants with sufficient notice of the amount of such damages that might be awarded in a particular case. Instructions given to jurors regarding such damages provide no meaningful limitation on the amount of damages that may be awarded and no constraint on the jury's award. Appellate review pursuant to Alabama law is not sufficient to correct the lack of due process and equal protection inherent in the lack of meaningful constraint on and instructions to the jury at the trial.

### FIFTEENTH DEFENSE

Plaintiff's claims, if any, for the recovery of punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (e) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional prohibition against vague and over broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the following separate and several grounds:

1. The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

2. The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

3. The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

4. The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

5. The procedures permit multiple awards of punitive damages for the same alleged act.

6. The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

7. The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

8. The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

9. The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

## SIXTEENTH DEFENSE

For response to each numbered paragraph of the Plaintiff's *Complaint*, Defendant avers as follows:

### I. Jurisdiction

1. Defendant denies the allegations contained in paragraph 1 of the Plaintiff's *Complaint*.

2. Defendant does not contest jurisdiction pursuant to 28 U.S.C. § 1343 (1) and (2). Defendant denies that jurisdiction exists pursuant to 28 U.S.C. § 2203. Defendant does not contest pendant jurisdiction as to the Plaintiff's state law claims.

3. Defendant does not contest that venue is proper as alleged in paragraph number 3 of the *Complaint*.

### II. Parties

4. Defendant admits the allegations contained in paragraph 4 of the Plaintiff's *Complaint*.

5. Defendant admits the allegations contained in paragraph 5 of the Plaintiff's *Complaint*.

### III. Allegations of Fact

6. Defendant admits the allegations contained in paragraph 6 of the Plaintiff's *Complaint*.

7. Defendant admits the allegations contained in paragraph 7 of the Plaintiff's *Complaint*.

8. Defendant admits the allegations contained in paragraph 8 of the Plaintiff's *Complaint*.

9. With regard to the allegations contained in paragraph 9 of the Plaintiff's *Complaint*, Defendant admits Plaintiff returned to work some time in May 2005, but states it was in a very limited capacity.

10. With regard to the allegations contained in paragraph 10 of the Plaintiff's *Complaint*, Defendant admits Superintendent Riley talked to Plaintiff about her ability to perform her job responsibilities, but denies the allegations of paragraph 10 to the extent such claims any discriminatory conduct by Defendant or Riley.

11. Defendant denies the allegations contained in paragraph 11 of the Plaintiff's *Complaint*.

12. Defendant denies the allegations contained in paragraph 12 of the Plaintiff's *Complaint*.

13. Defendant denies the allegations contained in paragraph 13 of the Plaintiff's *Complaint*.

14. Defendant denies the allegations contained in paragraph 14 of the Plaintiff's *Complaint*.

15. Defendant denies the allegations contained in paragraph 15 of the Plaintiff's *Complaint*.

16. Defendant denies the allegations contained in paragraph 16 of the Plaintiff's *Complaint*.

17. Defendant denies the allegations contained in paragraph 17 of the Plaintiff's *Complaint*.

18. Defendant denies the allegations contained in paragraph 18 of the Plaintiff's *Complaint*.

19. Defendant denies the allegations contained in paragraph 19 of the Plaintiff's *Complaint*.

20. With regard to the allegations contained in paragraph 20 of the Plaintiff's *Complaint*, Defendant admits the evaluations were technically considered satisfactory, but denies that Plaintiff was meeting the reasonable expectations of Defendant.

21. Defendant denies the allegations contained in paragraph 21 of the Plaintiff's *Complaint*.

22. Defendant denies the allegations contained in paragraph 22 of the Plaintiff's *Complaint*.

23. Defendant denies the allegations contained in paragraph 23 of the Plaintiff's *Complaint*.

24. Defendant denies the allegations contained in paragraph 24 of the Plaintiff's *Complaint*.

25. With regard to the allegations contained in paragraph 25 of the Plaintiff's *Complaint*, Defendant admits that on information and belief, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission against the Chambers County Board of Education. However, the remaining allegations as contained in paragraph 25 of the *Complaint* are denied.

26. With regard to the allegations contained in paragraph 26 of the Plaintiff's *Complaint*, Defendant admits that Plaintiff retired. However, the remaining allegations as contained in paragraph 26 of the *Complaint* are denied.

27. Defendant admits the allegations contained in paragraph 27 of the Plaintiff's *Complaint*.

### IV. Claim One - ADA

28. Defendant hereby restates and adopts by reference as though set forth fully herein responses to paragraphs one through twenty-seven of Plaintiff's *Complaint*.

29. Defendant admits the allegations contained in paragraph 29 of the Plaintiff's *Complaint*.

30. Defendant denies the allegations contained in paragraph 30 of the Plaintiff's *Complaint*.

31. Defendant denies the allegations contained in paragraph 31 of the Plaintiff's *Complaint*.

32. Defendant denies the allegations contained in paragraph 32 of the Plaintiff's *Complaint*.

33. Defendant denies the allegations contained in paragraph 33 of the Plaintiff's *Complaint*.

34. Defendant denies the allegations contained in paragraph 34 of the Plaintiff's *Complaint*.

35. Defendant denies the allegations contained in paragraph 35 of the Plaintiff's *Complaint*.

### V. Prayer for Relief

Defendant denies that Plaintiff is entitled to the relief requested in her Prayer for Relief.

DATED THIS the 8th day of January, 2007.

CHAMBERS COUNTY BOARD
OF EDUCATION, Defendant,

By: /S/ James R. Seale
James R. Seale (3617-E-68J)
Elizabeth Brannen Carter (3272-C-38E)
HILL, HILL, CARTER,
  FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail: jrs@hillhillcarter.com
E-mail: ecarter@hillhillcarter.com
Counsel for Defendant
wwm/6630.0175/f:Answer.wpd

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Answer on Behalf of Defendant Chambers County Board of Education To Plaintiff's Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: James B. Douglas, Jr., Esquire (jbdjatty@aol.com); by placing same in the United States Mail, postage prepaid and properly addressed this the 8th day of January, 2007.

/S/ James R. Seale